# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

**No. 21-1220**

**September Term, 2022**

FILED ON: FEBRUARY 9, 2023

LUCAS WALL, ET AL.,
                    PETITIONERS

v.

TRANSPORTATION SECURITY ADMINISTRATION,
                    RESPONDENT

---

Consolidated with Nos. 21-1221, 21-1225, 21-1236, 21-1237, 21-1258

---

On Petitions for Review of Orders of the Transportation Security Administration

---

Before: MILLETT and KATSAS, *Circuit Judges*, and SENTELLE, *Senior Circuit Judge*

## J U D G M E N T

This case was considered on the record and on the briefs of the parties. We have accorded the issues full consideration and have determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). It is

**ORDERED** and **ADJUDGED** that the petitions for review be **DENIED**.

## I

In these consolidated cases, thirteen petitioners (to whom we shall refer collectively as "Wall") challenge four now-expired security directives issued by the Transportation Security Administration ("TSA"). Those directives had generally required that facial masks be worn in transportation hubs and on public transit. The TSA had promulgated those directives under 49 U.S.C. § 114(g), which authorizes that agency, "during a national emergency," to "coordinate and oversee the transportation-related responsibilities of other departments and agencies of the Federal

1

Government," and "[t]o carry out such other duties, and exercise such other powers, relating to transportation during a national emergency as the Secretary of Homeland Security shall prescribe." 49 U.S.C. § 114(g)(1)(B), (D). The TSA allowed those security directives to expire in April 2022 after a decision from the United States District Court for the Middle District of Florida struck down the Centers for Disease Control and Prevention's similar mask order. *See* Press Release, *Statement Regarding Face Mask Use on Public Transportation*, TSA (April 18, 2022), https://go.usa.gov/xuSpN; *see also Health Freedom Def. Fund, Inc. v. Biden*, 599 F. Supp. 3d 1144 (M.D. Fla. 2022), *appeal pending* No. 22-11287.

**II**

Because Wall's challenges are foreclosed by settled precedent, we deny the petitions for review.

**A**

We start, as we must, with jurisdiction. *Full Value Advisors, LLC v. SEC*, 633 F.3d 1101, 1106 (D.C. Cir. 2011). Ordinarily, the expiration of the challenged security directives would render the petitions for review moot, depriving us of jurisdiction to decide the merits of Wall's claims. *See North American Butterfly Ass'n v. Wolf*, 977 F.3d 1244, 1258 (D.C. Cir. 2020) (Mootness doctrine "focuses on whether events subsequent to the filing of the complaint have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future.") (formatting modified). These cases, though, fall squarely within the voluntary cessation exception to mootness. That exception provides that a defendant's voluntary decision to halt challenged conduct will not moot a case unless "subsequent events ma[k]e it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (quoting *United States v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203 (1968)); *National Black Police Ass'n v. District of Columbia*, 108 F.3d 346, 349 (D.C. Cir. 1997). Said another way, a case will not be moot if there is a "more-than-speculative chance" that the court's ruling will affect the parties' rights in the foreseeable future. *North American Butterfly Ass'n*, 977 F.3d at 1258.

In this case, it is not "absolutely clear" that the TSA will not reinstitute its masking directives. Quite the opposite: The government is actively seeking to overturn the Middle District of Florida's decision striking down another transportation mask directive. *See generally* Opening Brief for Appellants, *Health Freedom Def. Fund v. Biden*, No. 22-11287 (11th Cir. May 31, 2022). And critically, the TSA has told this court directly that "there is a more-than-speculative chance that TSA will invoke the same authorities" to readopt another masking directive in the future. TSA Suppl. Br. 7–9. In addition, this court has already affirmed the TSA's statutory authority to issue the challenged directives without notice and comment rulemaking, so the TSA could reinstate the masking directives with relative procedural ease. *See Corbett v. TSA*, 19 F.4th 478, 486 (D.C. Cir. 2021) (upholding TSA's authority to issue mask directives); *cf. Alaska v. Department of Agric.*, 17 F.4th 1224, 1229 n.5 (D.C. Cir. 2021) (where voluntary cessation by the government is

2

concerned, "structural obstacles to reimposing a challenged law * * * generally moot a case"). Because there is a more-than-speculative chance that the challenged conduct will recur, these cases are not moot.

That said, Wall's challenge *to the administrative record* underlying the TSA's expired orders is moot. That is because, even if the TSA reissues its masking directives, it will necessarily create a new administrative record underlying those orders. So it is certain that the administrative records before us now will not have any continuing legal consequence.

**B**

Turning to the merits, Wall's challenges to the TSA's statutory authority to issue the masking requirements and the related arguments that the TSA failed to promulgate the orders through notice and comment rulemaking are squarely foreclosed by our earlier decision in *Corbett*, 19 F.4th at 486.

Wall's arguments that the directives violate specified provisions of the Food, Drug, and Cosmetics Act, *see* 21 U.S.C. § 360bbb-3(e)(1)(A), and the Air Carrier Access Act, *see* 49 U.S.C. § 41705(a), also fail because the TSA is not a regulated party, and the mask mandate is not regulated conduct under any of the cited provisions. *See* 21 U.S.C. § 360bbb-3(*l*), (e)(1)(A) (regulated parties under this provision of Food, Drug, and Cosmetics Act, entitled "Authorization for medical products for use in emergencies," are only those that introduce medical products into interstate commerce, and regulated conduct is that which runs afoul of conditions on an Emergency Use Authorization set by the Food and Drug Administration); 49 U.S.C. § 41705(a) (regulated parties are air carriers).

Equally lacking in merit are Wall's claims that the masking directives impinge upon the "freedom to travel" and the protections of the Fifth Amendment's Due Process Clause for those whose disabilities prevent them from masking. The TSA's directives required airlines to exempt those with disabilities "who cannot wear a mask, or cannot safely wear a mask, because of the disability[.]" Security Directive No. 1542-21-01D, at 3–4. In addition, the directives did not dictate how private airlines should administer their own exemption processes. *See* Security Directives Nos. 1542-21-01D, 1582/84-21-01D. To the extent that Wall's arguments include challenges to individualized determinations in the past by private airline carriers to grant or deny individual exemptions, relief on those claims must be sought from the Department of Transportation, not the TSA. *See* 49 U.S.C. § 41705(c)(1); 14 C.F.R. § 382.159; 49 U.S.C. § 46110(a).

Wall's remaining constitutional claims fare no better. First, the Commerce Clause empowers Congress and, by delegation, the TSA, to regulate transportation in the manner undertaken here. *See Gonzales v. Raich*, 545 U.S. 1, 16, 22 (2005) (Congress has the power to regulate "channels" and "instrumentalities" of interstate commerce even if such regulation "ensnares some purely intrastate activity[.]"). Second, the Supremacy Clause provides that the TSA's directives override any conflicting state laws on masks. *See Wyeth v. Levine*, 555 U.S. 555, 576 (2009). Third, the

3

masking directives do not implicate anti-commandeering concerns as they are "evenhanded[] regulat[ion of] an activity"—transportation—"in which both States and private actors engage." *Murphy v. National Collegiate Athletic Ass'n*, 138 S. Ct. 1461, 1478 (2018).

Finally, it is far from clear that the two international treaties Wall invokes——the Convention on International Civil Aviation, Dec. 7, 1944, 15 U.N.T.S. 295, and the International Covenant on Civil and Political Rights, Dec. 16, 1966, 999 U.N.T.S. 171—provide private causes of action in federal court. And even if they did, Wall has made no showing that the TSA directives themselves, which include accommodations for those with disabilities, discriminate against individuals with disabilities in violation of those treaties.

\* \* \* \* \*

For the foregoing reasons, the consolidated petitions for review are denied.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. See FED. R. APP. P. 41(b); D.C. CIR. R. 41(a)(1).

**<u>Per Curiam</u>**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY: /s/
Daniel J. Reidy
Deputy Clerk